UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JEFFREY HOOK,

    Plaintiff,

v.                                                                                          Case No.:

MNET FINANCIAL, INC., and
WESTON OUTPATIENT SURGICAL CENTER, LTD,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JEFFREY HOOK [hereinafter "Plaintiff"], alleges violation(s) of the Florida Consumer Collection Practices Act and pursuant to Florida Statutes § 559.55 et seq. [hereinafter "FCCPA"] versus WESTON OUTPATIENT SURGICAL CENTER, LTD., and MNET FINANCIAL, INC., for deceptive and illegal debt collection practices. Plaintiff seeks damages of $5,000.00, from each named Defendant. Plaintiff further alleges damages against MNET FINANCIAL, INC., pursuant to violations of 15 U.S.C. 1692 et seq. ("hereinafter FDCPA").

1.    Unlike the F.D.C.P.A., the Florida Consumer Collection Practices Act is not restricted solely to third party debt collectors. While the Act does not define the term "person," it mandates that "no person" shall engage in certain practices in collecting consumer claims whether licensed by the division or not. This court has held that this language includes all allegedly unlawful attempts at collecting consumer claims. Williams v. Streeps Music Co., 333 So. 2d 65, 67 (Fla. 4th DCA 1976).

## LEGAL STANDARD

2.    The characterization of the FDCPA as a strict liability statute is generally accepted. See, e.g., LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1190 (11th Cir. 2010).

1

Pursuant to Florida Statute 559.55(2), ('FCCPA"), "nothing in this part shall be continued to limit or restrict the applicability of the Fair Debt Collection Practices Act to consumer collection practices in this state. This part is in addition to the requirements and regulations of the federal act. In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer shall prevail."

### Trial By Jury

3. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all counts stated within and any issues so triable.

### Jurisdiction and Venue

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, 1367, and pursuant to 15 U.S.C. § 1692 et seq ("FDCPA"), and pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 et seq.

5. This action arises out of Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasion of Plaintiff's personal and financial privacy by this Defendant and its agent in its illegal effort to collect a consumer debt from Plaintiff.

6. Venue is proper in this because the alleged acts and transactions complained of occurred here, Plaintiff resides here, and the Defendant transacts and/or conduct business here, and Defendant illegally attempted to collect a debt from Plaintiff within this venue.

### Parties

7. Plaintiff is a natural person who currently resides in Pembroke Pines, Florida.

8. Plaintiff is a "consumer" as defined by the FCCPA. See Fla. Stat. § 559.55(2), and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9.     Plaintiff originally received medical care and treatment that was pre-authorized by his health insurance provider, United Healthcare, Member ID ****4275 for a surgical procedure that took place on or about October 22, 2010 at WESTON OUTPATIENT SURGICAL CENTER.  Both physicians who performed the surgery timely billed United and were paid for all of their services.  Inexplicably, Defendant WESTON OUTPATIENT SURGICAL SERVICES failed to submit their bills pursuant to their contractual agreement with United Health Care and are now precluded as a matter of law from seeking payment from Plaintiff.

10.    Defendant MNET FINANCIAL Inc. and Defendant WESTON OUTPATIENT SURGICAL GROUP, LTD have actual knowledge that they are illegally billing the Plaintiff for treatment that he is not legally responsible for.  WESTON OUTPATIENT SURGICAL GROUP, LTD. was required to bill United within 180 days of services rendered pursuant to their contractual agreement.  They did not, and chose to conspire with and act in concert with MNET FINANCIAL, Inc. to illegally attempt to collect the debt from the Plaintiff.  Plaintiff went so far as have a three way telephone conference call in November, 2012 with all parties referenced above to no avail.  As of the filing of this Complaint, Defendants continue to attempt to collect this debt from Plaintiff.  Please see a dunning letter which Plaintiff recently received from MNET FINANCIAL, Inc. which is labeled as "Exhibit A".  This dunning letter is a "communication" as contemplated by the F.C.C.P.A and FCDPA, and all telephone calls that Plaintiff has had with Defendants are "communications" as contemplated by the FCCPA and FDCPA.

11.    All Defendants are "debt collectors" as contemplated by the Florida Consumer Collection Practices Act as the FCCPA applies to original creditors who are attempting to collect their own debts.  Therefore, Defendant WESTON OUTPATIENT SURGICAL CENTER, LTD,

is a "debt collector" for purposes of the Florida Consumer Collection Practices Act. See Craig v. Park Fin. Of Broward County, Inc., 390 F.Supp.2nd 1150, 1154 MD Fla 2005). MNET FINANCIAL, Inc., is a "debt collector" per the FDCPA and admits to the same on their letterhead referenced above. . All Defendants have illegally communicated with Plaintiff and attempted to collect a debt that Plaintiff does not owe.

12. As a result of all Defendant actions violating provisions of the FCCPA the Plaintiff incurred substantial damage, including but not limited financial damage. See Fla. Stat. § 559.72(9).

**Factual Allegations**

13. The FDCPA is a strict liability statute (480 F3d 493 (7th Cir.2007) and as a result, a debt collector is responsible under many provisions of the FDCPA for a deviation from the FDCPA's requirements without regard to intent or knowledge or the willingness of the violation. As noted in the FCCPA, "In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer shall prevail."

14. Due to Defendant's poor account resources and deficient billing practices, apparently Plaintiff was charged an invalid and improper amount on an account that Plaintiff was not legally liable for.

**COUNT 1**
**AS TO WESTON OUTPATIENT SURGICAL CENTER, LTD, VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT 555.72(9**)

Defendant expressly and willfully claimed and/or threatened to enforce an alleged debt owed by Plaintiff that Defendant(s) knew was not legitimate, had no legal right to, and was inaccurate and/or invalid. See Fla. Stat. § 559.72(9) (2011) (stating that it is unlawful for a debt

4

collector to "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist").

15. As a result of the above violations of the FCCPA, Defendant is liable to the Plaintiff for actual damages and statutory damages of $1,000.00 per named Defendant found liable, together with attorney's fees and all costs of Plaintiff's representation.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against all Defendant(s) for all of the following:

    a. Actual damages;
    b. Statutory damages pursuant to Fla. Stat. 559.72(2);
    c. Reasonable Attorneys' fees pursuant to Fla. Stat. §559.77(2);
    d. Such other and further relief as the Court may deem to be just and proper.
    e. Plaintiff respectfully demands trial by jury in this action.

### COUNT 1
### AS TO MNET FINANCIAL, INC., VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq.

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The foregoing act and omission of the Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

18. As a result of the Defendant's violation of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against Defendant(s) for all of the following:

    a. Damages; and

    b. Attorneys' fees and costs.

## COUNT 2
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AS TO MNET FINANCIAL, INC., 15 U.S.C. § 1692e(2)

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. Defendant falsely represented the character of the debt that was allegedly owed to Defendant.

21. Defendants attempted to collect the debt from Plaintiff that it knew was not legitimate.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against Defendant(s) for all of the following:

    a. Damages; and

    b. Attorneys' fees and costs.

## COUNT 3
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES AS TO MNET FINANCIAL, INC., 15 U.S.C. § 1692f(1)

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Defendants falsely represented the character of the alleged debt that was allegedly owed to Defendant.

24. The alleged debt that Defendant attempted to collect from Plaintiff was not expressly authorized by the agreement creating the alleged debt nor was it permitted by law.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against Defendant(s) for all of the following:

    a. Damages; and

    b. Attorneys' fees and costs.

## COUNT 4
## AS TO MNET FINANCIAL, INC., VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT 555.72(9)

Defendant expressly and willfully claimed and/or threatened to enforce an alleged debt owed by Plaintiff that Defendant(s) knew was not legitimate, had no legal right to, and was inaccurate and/or invalid.  See Fla. Stat. § 559.72(9) (2011) (stating that it is unlawful for a debt collector to "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist").

25. As a result of the above violations of the FCCPA, Defendant is liable to the Plaintiff for actual damages and statutory damages of $1,000.00 per named Defendant found liable, together with attorney's fees and all costs of Plaintiff's representation.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against all Defendant(s) for all of the following:

    a. Actual damages;

    b. Statutory damages pursuant to Fla. Stat. 559.72(2);

    c. Reasonable Attorneys' fees pursuant to Fla. Stat. §559.77(2);

d. Such other and further relief as the Court may deem to be just and proper.

e. Plaintiff respectfully demands trial by jury in this action.

## Relief Requested

WHEREFORE, based on the above stated in this complaint Plaintiff has been the subject of Defendant's abusive and unfair practices in their debt collection activity was in violation of the FCCPA and the FDCPA. Plaintiff respectfully requests this Honorable Court to enter judgment in favor of the Plaintiff on all counts and requested forms of relief and against all Defendants.

Dated: February 15, 2013                    Respectfully Submitted,

                                                s/ J. Dennis Card, Jr.
                                                J. Dennis Card, Jr., Esq.
                                                Email: Dcard@Archerbay.com
                                                Florida Bar No.: 0487473
                                                Archer Bay, P.A.
                                                2639 Dr. MLK Jr. Street N.
                                                St. Petersburg, FL 33704
                                                Telephone: (727) 822-8696
                                                Facsimile: (866) 984-5239
                                                Attorney for Plaintiff

**MNet FINANCIAL**
95 ARGONAUT SUITE 250
ALISO VIEJO, CA 92656-4142

TELEPHONE: (888) 816-5944

CREDITOR: WESTON OUTPATIENT SURGICAL CENTER
CLIENT A/C #: 57292
AGENCY A/C #: 0000791458
DATE OF SVCE: 10/22/10
TOTAL DUE: 29,470.00

MNT1128F
4000000066.66/1

JEFFREY HOOK
2114 N FLAMINGO RD
PEMBROKE PINES, FL 33028-3501

95 Argonaut Ste 200
Aliso Viejo CA 92656-4133

11/28/2012

Dear Jeffrey Hook:

This account has been placed with our office for collection.

This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

If paid in full to this office, all collection activity will be stopped.

Sincerely,
Account Manager

For your convenience, we offer several ways to pay with Check, Debit or any Major Credit Card:

1. Call 888-816-5944 to speak with a live operator or Press 2 if you would like to pay using an automated phone attendant.
2. Pay online:
   Go To WWW.MEDICALBILLPAID.COM/PATIENT
   Enter Provider ID: MNET, Enter Access Code ALL987

@IMPORTANT NOTICE

NOTICE PURSUANT TO 15 U.S.C. 1692 g AND 1692 e (11) YOU ARE HEREBY ADVISED THAT: UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF THE JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

*** see reverse side for important information ***

[1/1]

EXHIBIT A